IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | 1:08cr1 (JCC) |
| ROBERT JONES, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the Government's Motion to Dismiss [Dkt. 151] *pro se* Defendant Robert Jones ("Defendant")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 142]. Also before the Court is Defendant's Amendment to Section 2255 Motion [Dkt. 152].[1] For the reasons explained below, the Court will grant the Government's Motion to Dismiss and dismiss Defendant's Petition without prejudice. The Court will also dismiss Defendant's Amendment to Section 2255 Motion without prejudice.

**I.   Background**

Defendant pleaded guilty on January 15, 2008, to a two-count criminal information charging him with violations of 21 U.S.C. §§ 841(a)(1) and 846 (conspiracy to

---

[1] As an initial matter, the Court notes that filings of a *pro se* party are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

1

distribute 50 grams or more of cocaine base), and 18 U.S.C. § 922(g)(1) (possession of a firearm by a prohibited person). [Dkts. 80-84.] His plea was pursuant to a plea agreement. [Dkt. 83.] On April 4, 2008, this Court sentenced Defendant to the mandatory minimum sentence of 120 months on both counts, running concurrently, and made Defendant's federal sentence concurrent with a three-year state sentence. [Dkt. 89.]

On October 16, 2009, Defendant moved for a retroactive application of the sentencing guidelines for crack cocaine offenses [Dkt. 104] -- a motion this Court denied due to Defendant's mandatory minimum sentence of 120 months, [Dkt. 111]. Defendant unsuccessfully appealed this decision. [Dkts. 112, 119-21.] Defendant then filed a motion for a sentence modification [Dkt. 122], which this Court denied as well, [Dkt. 127]. On April 14, 2011, Defendant filed a Motion to Vacate under 28 U.S.C. § 2255. [Dkt. 130.] The Court dismissed the Section 2255 Motion as untimely on July 28, 2011. [Dkts. 140-41.]

On September 2, 2011, Defendant filed a Petition for Writ of Habeas Corpus. [Dkt. 142.] The Government filed its response on November 2, 2011,[2] seeking to dismiss

---

[2] On September 8, 2011, the Court ordered the Government to answer Defendant's Petition, giving it twenty-three days to do so. [Dkt. 143.] On September 21, 2011, the Government moved for an extension of

Defendant's Petition for lack of jurisdiction.[3] [Dkt. 151.] Then, on November 14, 2011, Defendant filed an amendment to his Section 2255 Motion, [Dkt. 152], which, as noted above, had already been dismissed.

The Government's Motion to Dismiss Defendant's Petition and Defendant's Amendment to Section 2255 Motion are before the Court.

## II. Analysis

### A. Petition for Writ of Habeas Corpus

In his Petition for Writ of Habeas Corpus, Defendant states that he has been unable to obtain an order from the Virginia state court permitting his state sentence to run concurrently with his federal sentence. (Pet. [Dkt. 142] ¶ 4.) He argues that he should therefore be "released from federal custody so that he can serve his prison sentence in a Virginia state prison, the federal sentence running concurrent to the state's." (*Id*.) Defendant also states in the Petition that he is currently in the custody of the Bureau of Prisons at the Federal Medical Center in

---

time, asking the Court to extend its filing deadline to November 2, 2011. [Dkt. 144.] The following day, the Court granted that motion. [Dkt. 145.] On November 14, 2011, *after* the Government filed its response on the November 2 filing deadline, Defendant filed a motion requesting a denial of the Government's motion for an extension of time. [Dkt. 153.] Defendant's motion is, of course, moot. It also fails to articulate a cogent reason why the Government's motion for an extension of time should not have been granted.

[3] Pursuant to this Court's Order, the Government filed a *Roseboro* notice in connection with its response to Defendant's Petition on June 15, 2012. [Dkt. 166.]

Lexington, Kentucky.[4]  (Pet. ¶ 2.)

In its Motion to Dismiss, the Government correctly contends that this Court lacks jurisdiction over Defendant's Petition. It is axiomatic that district courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). That statute requires "nothing more than that the court issuing the writ have jurisdiction over the custodian." *United States v. Little*, 392 F.3d 671, 680 (4th Cir. 2004) (quoting *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973)). Thus, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). At the time Defendant filed his Petition, he was confined in the Federal Medical Center in Lexington, Kentucky. Accordingly, the Court lacks jurisdiction over Defendant's Petition. *See Little*, 392 F.3d at 680 (holding

---

[4] The Court takes judicial notice of the fact that the Federal Medical Center Defendant speaks of is located in the Eastern District of Kentucky. *See* Fed. R. Evid. 201(b), (c) (court may take judicial notice *sua sponte* of a fact not subject to reasonable dispute because it is "(1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *United States v. Lavender*, 602 F.2d 639, 641 (4th Cir. 1979) (taking judicial notice that the Blue Ridge Parkway is within federal jurisdiction).

that district court in North Carolina lacked jurisdiction over habeas petition because the defendant was confined in a Federal Medical Center in Texas at the time he filed it). The Petition is therefore dismissed without prejudice.

    B.    <u>Amendment to Section 2255 Motion</u>

As noted above, Defendant filed a Section 2255 Motion on April 14, 2011, which the Court dismissed as untimely on July 28, 2011. Then, on November 14, 2011, Defendant filed an amendment to his Section 2255 motion. At the time Defendant filed the amendment, however, there was no pending Section 2255 motion. As such, the amendment is tantamount to a successive Section 2255 motion. Pursuant to Section 2255(h), a successive Section 2255 motion must be certified by the court of appeals before it may proceed. 28 U.S.C. § 2255(h). Defendant, however, offers no evidence that he has obtained the required certification. Accordingly, Defendant's amendment to his Section 2255 motion is dismissed without prejudice.

### III.    Conclusion

For the reasons explained above, the Court will grant the Government's Motion to Dismiss and dismiss Defendant's Petition without prejudice. The Court will also dismiss Defendant's Amendment to Section 2255 Motion

5

without prejudice.

An appropriate Order will issue.

|                      | /s/                              |
|----------------------|----------------------------------|
| August 9, 2012       | James C. Cacheris                |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |